UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDY MARES GOMEZ,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SGT. CHARLES, an individual, C.O. GONZALEZ, an individual and DOES 1 through 50, Inclusive,<br><br>　　　　Defendants. | Case No.  1:23-cv-01442-ADA-BAM (PC)<br><br>**ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED AS DUPLICATIVE**<br><br>(Doc. 1)<br><br>TWENTY-ONE DAY DEADLINE |

Plaintiff Andy Mares Gomez is a state prisoner proceeding with counsel in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff initiated this action in Kern County Superior Court on March 13, 2023, and filed a First Amended Complaint against Defendants Charles and Gonzalez on July 28, 2023.  (Docs. 1-1 and 1-4.)  Defendant Charles removed the action to this Court on October 5, 2023, and Defendant Gonzalez consented in the removal.  (Doc. 1 at p. 1.)  Plaintiff additionally stipulated to the removal.  (Doc. 3.)

Prior to filing the instant action, on August 5, 2022, Plaintiff proceeding *in pro per* and *in forma pauperis* filed a civil rights complaint in *Gomez v. Gonzalez, et al.*, 1:22-cv-00977-HBK.  The complaint was screened, and that action now appears to proceed on the same claim against the same defendants based on the same underlying factual allegations as the instant action.  The Court therefore will order Plaintiff to show cause why the instant action should not be dismissed as duplicative of Case No. 1:22-cv-00977-HBK.

1

The Court notes that Defendants have requested that the Court screen this action under 28 U.S.C. § 1915A, and have asked the Court to allow them thirty days to respond to Plaintiff's First Amended Complaint if needed following screening.  Defendants also suggest that they intend to move to consolidate this action with Case No. 1:22-cv-00977-HBK.  (Doc. 4.)  In the interest of conserving the resources of the Court and the parties, the Court finds it appropriate to stay the deadline for Defendants to file a response to the complaint until after the show cause order is resolved and the pleadings are settled.

**DISCUSSION**

"Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" *Adams v. California Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007) (quoting *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977)), overruled on other grounds by *Taylor v. Sturgell*, 553 U.S. 880, 904 (2008).

"To determine whether a suit is duplicative, we borrow from the test for claim preclusion." *Adams*, 497 F.3d at 688. "'[T]he true test of the sufficiency of a plea of 'other suit pending' in another forum [i]s the legal efficacy of the first suit, when finally disposed of, as 'the thing adjudged,' regarding the matters at issue in the second suit.'" *Id.* (second alteration in original) (quoting *The Haytian Republic*, 154 U.S. 118, 124 (1894)). "Thus, in assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties ... to the action, are the same." *Adams*, 497 F.3d at 689. *See also Serlin v. Arthur Anderson & Co.*, 3 F.3d 221, 223 (7th Cir. 1993) ("[A] suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions.") (citation and internal quotation marks omitted).

"After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." *Adams*, 497 F.3d at 688.

In the instant action, Plaintiff alleges that Defendants Gonzalez and Charles violated

1  Plaintiff's rights under the Eighth Amendment by failing to protect him from violence at the
2  hands of other prisoners.  Plaintiff's claim arises from allegations that he was assaulted and
3  stabbed by multiple members of the Two Fivers gang on March 4, 2021, at Kern Valley State
4  Prison.  (Doc. 1-1, First Amended Compl. at ¶¶ 1, 6, 15.)  As relief, Plaintiff seeks non-economic
5  damages, economic damages, punitive damages, and "hospital, medical, professional, and
6  incidental expenses."  (*Id.* at p. 8.)

       The earlier filed action proceeds on Plaintiff's Eighth Amendment failure to protect claim against Defendants Gonzalez and Charles, arising from allegations that Plaintiff was attacked and stabbed by seven members of the Two Fivers gang on March 4, 2021.  (*See Gomez v. Gonzalez, et al.*, Case No. 1:22-cv-00977-HBK, Docs.1, 7, and 14.)  As relief, Plaintiff seeks compensatory damages, punitive damages, declaratory relief, costs of the suit, attorney's fees, "medical treatment for life," and placement in "protective custody from the Two-Fivers Prison Gang." (*Gomez v. Gonzalez, et al.,* Case No. 1:22-cv-00977-HBK, Docs.1 at pp. 6, 12.)

       As Plaintiff's claims in this action appear to be identical to the claims Plaintiff brought in *Gomez v. Gonzalez, et al.*, Case No. 1:22-cv-00977-HBK, the Court will order Plaintiff to show cause why this case should not be dismissed as duplicative of the claims brought in that action.

       Accordingly, it is HEREBY ORDERED that Plaintiff shall show cause by WRITTEN RESPONSE within twenty-one (21) days of service of this order why this action should not be dismissed as duplicative of Case No. 1:22-cv-00977-HBK.  If Plaintiff fails to file a response to this order, then the Court will issue a recommendation for dismissal of this action as duplicative.

       IT IS FURTHER ORDERED that any deadline for Defendants to file a response to the first amended complaint is STAYED, and will be reset as necessary once the show cause order is resolved and the pleadings are settled.

IT IS SO ORDERED.

    Dated:   **October 12, 2023**          /s/ *Barbara A. McAuliffe*          
                                                                  UNITED STATES MAGISTRATE JUDGE