UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDY MARES GOMEZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SGT. CHARLES, an individual, C.O. GONZALEZ, an individual and DOES 1 through 50, Inclusive,<br><br>　　　　　Defendants. | Case No.  1:23-cv-01442-ADA-BAM (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION AS DUPLICATIVE**<br><br>(Doc. 1)<br><br>FOURTEEN (14) DAY DEADLINE |

**Findings and Recommendations**

Plaintiff Andy Mares Gomez is a state prisoner proceeding with counsel in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff initiated this action in Kern County Superior Court on March 13, 2023, and filed a First Amended Complaint against Defendants Charles and Gonzalez on July 28, 2023.  (Docs. 1-1 and 1-4.)  Defendant Charles removed the action to this Court on October 5, 2023, and Defendant Gonzalez consented in the removal.  (Doc. 1 at p. 1.)  Plaintiff additionally stipulated to the removal.  (Doc. 3.)

Prior to filing the instant action, on August 5, 2022, Plaintiff proceeding *in pro per* and *in forma pauperis* filed a civil rights complaint in *Gomez v. Gonzalez, et al.*, 1:22-cv-00977-HBK. The complaint was screened, and that action now appears to proceed on the same claim against the same defendants based on the same underlying factual allegations as the instant action.[1]

---

[1] The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  Plaintiff's

1

On October 12, 2023, the Court ordered Plaintiff to show cause why this case should not be dismissed as duplicative of the claims brought in Case No. 1:22-cv-00977-HBK. (Doc. 5.) Plaintiff was directed to show cause by written response within twenty-one (21) days of service of the order why this action should not be dismissed as duplicative of Case No. 1:22-cv-00977-HBK. (*Id.*) Plaintiff was warned that the failure to file a response to the show cause order would result in a recommendation for dismissal of this action as duplicative. (*Id.*) Plaintiff has not filed a response to the Court's show cause order and the time in which to do so has expired.

## DISCUSSION

"Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" *Adams v. California Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007) (quoting *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977)), overruled on other grounds by *Taylor v. Sturgell*, 553 U.S. 880, 904 (2008).

"To determine whether a suit is duplicative, we borrow from the test for claim preclusion." *Adams*, 497 F.3d at 688. "'[T]he true test of the sufficiency of a plea of 'other suit pending' in another forum [i]s the legal efficacy of the first suit, when finally disposed of, as 'the thing adjudged,' regarding the matters at issue in the second suit.'" *Id.* (second alteration in original) (quoting *The Haytian Republic*, 154 U.S. 118, 124 (1894)). "Thus, in assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties ... to the action, are the same." *Adams*, 497 F.3d at 689. *See also Serlin v. Arthur Anderson & Co.*, 3 F.3d 221, 223 (7th Cir. 1993) ("[A] suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions.") (citation and internal quotation marks omitted).

"After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously

---

complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

1 filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." *Adams*,
2 497 F.3d at 688.

3     In the instant action, Plaintiff alleges that Defendants Gonzalez and Charles violated
4 Plaintiff's rights under the Eighth Amendment by failing to protect him from violence at the
5 hands of other prisoners.  Plaintiff's claim arises from allegations that he was assaulted and
6 stabbed by multiple members of the Two Fivers gang on March 4, 2021, at Kern Valley State
7 Prison.  (Doc. 1-1, First Amended Compl. at ¶¶ 1, 6, 15.)  As relief, Plaintiff seeks non-economic
8 damages, economic damages, punitive damages, and "hospital, medical, professional, and
9 incidental expenses."  (*Id.* at p. 8.)

10     The earlier filed action proceeds on Plaintiff's Eighth Amendment failure to protect claim
11 against Defendants Gonzalez and Charles, arising from allegations that Plaintiff was attacked and
12 stabbed by seven members of the Two Fivers gang on March 4, 2021.  (*See Gomez v. Gonzalez,*
13 *et al.*, Case No. 1:22-cv-00977-HBK, Docs.1, 7, and 14.)  As relief, Plaintiff seeks compensatory
14 damages, punitive damages, declaratory relief, costs of the suit, attorney's fees, "medical
15 treatment for life," and placement in "protective custody from the Two-Fivers Prison Gang."
16 (*Gomez v. Gonzalez, et al.,* Case No. 1:22-cv-00977-HBK, Docs.1 at pp. 6, 12.)

17     Plaintiff's claims in this action are virtually identical to the claims Plaintiff is pursuing in
18 *Gomez v. Gonzalez, et al.*, Case No. 1:22-cv-00977-HBK.  In both cases, Plaintiff raises the same
19 Eighth Amendment claim for failure to protect him from violence at the hands of other prisoners,
20 arising out of the same events, involving the same parties and defendants (Defendants Gonzalez
21 and Charles), and seeking similar relief.  The Court therefore finds that this case should be
22 dismissed as duplicative of *Gomez v. Gonzalez, et al.*, Case No. 1:22-cv-00977-HBK.

23 **CONCLUSION AND RECOMMENDATION**

24     Based on the foregoing, the Court HEREBY RECOMMENDS that this action be
25 dismissed as duplicative.

26     These Findings and Recommendation will be submitted to the United States District Judge
27 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen**
28 **(14) days** after being served with these Findings and Recommendation, the parties may file

written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **November 7, 2023**        /s/ *Barbara A. McAuliffe*
                                   UNITED STATES MAGISTRATE JUDGE